You ready? Okay. Go. All right. Good morning, Your Honor. May it please the court. My name is Chandler Parker. I represent the appellant. At this time, I would just like to reserve two minutes for rebuttal. Okay. Your Honor, today we ask this court to declare that a guardian ad litem appointed by a federal district court has an absolute right to remove a state criminal case under section 1442 to if the criminal case arises from acts performed by this guardian ad litem in their capacity. Okay, but this is Grandma. She abducts the kids. She pleads no contest to it. And what's your authority that she has federal officer status under 1442? Well, Your Honor, this court has repeatedly recognized that a guardian ad litem serves an integral function of the judicial process. In fact, they are there to protect the interest of the minor or incompetent person in all stages of the litigation. And in fact, that is a duty. The source of that duty actually derives from the judge's duty. So where are the kids now? My understanding is that the kids have no longer in the state, but I'm not quite entirely sure where they currently are located. Mr. Parker, can I ask you this? What does a guardian ad litem do? Well, Your Honor, a guardian ad litem is a duty that the incompetent person before them is adequately represented in the litigation. That's correct. Now, does a guardian ad litem under the federal statute have any right to the physical custody of the children? Under the guardian ad litem statute? No. Does the guardian ad litem have any right to the physical custody of the children? No. Then there's no indication that Clay was exercising any of the duties of a guardian ad litem when she spirited away the children. Well, I did. She was taking custody of them, right? She wasn't defending their rights in court. She wasn't writing any declarations. She wasn't entering any orders. She wasn't appearing in court. She wasn't accounting for any of their finances. She simply was child stealing. Well, respectfully, Your Honor, we disagree. Well, she doesn't because she pleaded guilty. Well, Your Honor, well, she pleaded no contest. It's a guilty claim for all of their purposes. Yeah, but she pleaded no contest essentially because at that point, the appellee, which had already appeared in this action by that point in time, was moving towards a trial. And, you know, you have to make a judgment call based on the situation at that time. I don't think that there's any indication in the record that she intended to waive what she considered was a federal defense of the case, which was essentially that her actions, that she actually, the children were released to her pursuant to a state court order. So really, in essence, all she was doing was litigating this case against Orange County based on views that had happened to these children and they filed a case against her. She pleaded no contendery to the crime. Correct, Your Honor. But the federal defense that that particular offense did not constitute a crime because she was acting in the capacity of a guardian ad litem. But I'm trying to figure out where's your authority for saying a guardian ad litem has any right to the physical custody of the children? Well, Your Honor, the child standing statute is very broad in terms of the kind of conduct that would constitute interference with the physical custodial rights of a child. It says withholding, concealing, secreting. So, in essence, I don't appear for deposition because the guardian ad litem can't be there. The guardian ad litem, I must remember, that it's the social services agency that was a party in the underlying civil case. And so any conduct with respect to the civil litigation and the interaction of those parties during the course of the civil litigation could actually serve as a basis. Let's talk about facts. Are there any facts in this case which show that Ms. Clay was taking the children to a deposition or to any court function or to any hearing when she was accused of child stealing? The claim, underlying claim, for child stealing describes a period of time of over a year. It's not as one incident occurred where she ran off with the children. Again, the complaint actually encompasses the entire time period in which the civil case was pending. We're not talking about on January 13th, she ran away with the children. That's not what it is. It just simply says that between January 13th of one year and March of the next, that this crime occurred at some point in time. Counsel, assuming we decided in your favor, what would that mean to her null and contender plea? Yes, it's our position, Your Honor, that that would essentially nullify that order. How would it do that? Well, we have no, you couldn't appeal directly to the Ninth Circuit from a state court conviction, could you? Correct, but unlike all of the other removal statutes, under this particular one, there is a statutory right to appeal a remand order. So this court certainly has the power to vacate the remand order. And if the remand order was... She's already pled out. It's done. It's gone. Correct, but if the remand order was vacated, the removal, federal officer removal statute does have an automatic stay provision in it, which says that upon the filing of a notice of removal, the state court may proceed, except they may not enter a judgment. So a judgment has not been entered in this case? Well, from the record, and at least the documents that I've seen in the case, I haven't seen a actual physical judgment. I don't know we could construe what is contained in the record as a judgment, but it would be our position that because the appellee was aware that this appeal was pending, because there is a right to appeal, that essentially, if this court were to vacate the remand order, it would immediately, the legal effect of that would be to nullify... Well, not entirely. Well, I mean, we can't do that. Well, it would not be a situation where she is now no longer guilty. We would have to find that she wasn't properly convicted of trial stealing in order to grant your appeal. Correct. Well, we can't do that. And she couldn't, no judgment in the state court could have ever been entered if it wasn't properly remanded. I guess my position is, Your Honor... Well, I mean, she pleaded no contender. The conviction was put in. To grant your relief, we would have to violate Heck v. Humphrey, plain and simple. Well, I don't entirely agree, but I think that if we did not construct that statute in that way, then essentially, this statutory right to appeal would be, there would be none. It would essentially allow for a state court to simply circumvent the right to appellate review of a remand order by forcing someone to go to trial or plead out into judgment when the federal statute clearly prohibits entry of any kind of judgment. I want to save your time. Oh, go ahead. I'm sorry. No, go ahead. Did you seek to stay the progress of the state court proceeding? Yes, I did. Before this court, we actually... I mean, in that court. No, Your Honor. We did not... Well, I shouldn't speak to that because I didn't represent her in that. So I'm not entirely sure. But I'll reserve at least my last minute. Good morning. Morning. May it please the court. I'm John Maxfield. I represent... I'm a deputy district attorney for the county of Orange, representing the people of the state of California in this appeal. I think the court has pointed out a few of the problems with this appeal. Our position is the appeal is now moot given the no contest plea that was entered into state court. Effectively, she's entered a plea to what the state court reduced her charges down from felonies to misdemeanors. She's been sentenced to 364 days in jail. She was given credit for 364 days in jail. She is... Her appellate rights to that plea have now expired. And the statutory mechanism for her to withdraw her plea has now expired. And there's no good cause. So in effect, to answer the court's question, what would happen if you were to remand it at this point? In my opinion, the only thing left to do for a district court would be to sentence her. But she's already been sentenced. And what's the difference now? She served a sentence. Correct. So the only thing you could do at this point is send it back to the district court. And the district court can't get rid of the plea. So now you're left with what? Entering judgment, which has already been entered. So in that sense, this appeal is moot based upon her effective waiver. The district court couldn't sentence her, could he? I don't think the district court could. I'm thinking that that's the only possible scenario. Yes, correct. So there's nothing left for the district court to do. That would be their very best case scenario in this particular. All they could do is there might be some sort of collateral attack. Correct. But it wouldn't. But she's out of custody. So it's not really... I don't know. They have the quorum nobis vobis and this, that. You know, they have all the quorums. Right. And I don't purport to know whether it would fall within, but it would clearly be a collateral attack. Correct. And it would have to be done there. Yes. And I think in this particular circumstance, given the record, that would be Herculean test at best for them to be able to accomplish that. But if I may, I'll just briefly address the merits of the appeal anyway. The district court was correct in remanding this matter back to state court. Regardless of how this court were to interpret whether or not a guardian ad litem actually qualifies as a federal officer under the removal statute, the bottom line in this case was the defendant completely failed to show a causal nexus between stealing the children and her duties as a guardian ad litem. And I think the court has pointed that out. Moreover, the defendant in this particular case completely failed before the district court to give any kind of federal defense or any kind of official immunity to the things that she did. In other words, what was her federal defense to stealing these kids? There isn't one. And so no matter what this court were to decide, if it gets to the merits with respect to the guardian ad litem being a federal officer, she loses. Our position is that a guardian ad litem is not a federal officer pursuant to the removal statute. I do note that it's interesting that in paragraph three of 1442, there is no language with respect to acting under. That falls under paragraph one when it deals with agencies, federal agencies, federal officers who work for federal agencies. But it's interesting in the court context, that language doesn't exist. I addressed both in my moving papers, and I don't want to bore the court further with that. But our position is that a guardian ad litem is not like a judge, a bailiff, a court clerk. They don't have those roles. The guardian ad litem stands in the shoes of the minor. That's the guardian's role. The guardian's role is to effectuate litigation and protect the rights on behalf of the minor. Now, the guardian is an important integral part of that case. I'm not disputing that. But it isn't the judge acting through the guardian. It is the guardian acting independent, subject to the court's review, just like any attorney, in reality, is subject to the court's review. Anything that I do here is subject to your review. And if you open the door to say, well, a guardian ad litem is an officer of the court, then is an attorney ad litem, or is a court-appointed expert? So for purposes of federal removal jurisdiction, we simply don't believe that a guardian ad litem qualifies. And I would just point out that a guardian is also a lot different than a receiver. A receiver is indifferent. A receiver is just there to monitor the assets during the pendency of a litigation. But a receiver is not a part of the litigation. A guardian ad litem is very much part of the litigation, and therefore does not qualify as an officer of the court for purposes of the removal statute. I'd also like to make another point with respect to the reply brief. In this case, what the defendant is asking this court to do is to liberally construe 1442 and look at it in a liberal setting. And our position with respect to that, Your Honors, is that the court should apply a stricter standard, particularly as it relates to criminal matters. And that is, I'd ask you to follow the Heron decision where it said, removal statutes are strictly construed against removal. That's how this should be, particularly in a criminal statute, or in a criminal case, excuse me. And the reason I point to that is in Mesa, when the Supreme Court was examining the claims by the two postal workers that were subject to criminal liability, they made this comment. They said, I'm going to quote it, quote, accordingly, the liberal pleading sufficient to allege an official immunity defense, which we permitted in Willingham, which is the case that the defendant cites for this liberal construction, are inapplicable to removal of the prosecution before us today. Why? Because it's a criminal matter. And later on, the Supreme Court emphasized this point, quote, under our federal system, it goes without saying that preventing and dealing with crime is much more the business of the states than it is of the federal government. Because the regulation of crime is preeminently a matter for the states, we have identified a strong judicial policy against federal interference with state criminal proceedings. Mr. Maxfield, let me ask you a question. Yes. Has this issue, whether a guardian ad litem is an officer under 1442A3, being adjudicated in the Ninth Circuit, or is this a matter of first impression? I believe this is a matter of first impression. I think you're right, unfortunately. Yes. And it is a matter of first impression. And so the point that I would like to make is, no matter what, I'll go back. She didn't establish all of the elements that were necessary for federal removal. But to start with, this court really ought to examine is, how is it going to interpret 1442? Is it going to give a liberal construction in a criminal setting, or is it going to give a narrow construction in a criminal setting? Our position is the court should look at it narrowly. And the reason the court should look at it narrowly is, it seems contradictory to have a strong judicial preference to keep crimes in state court, and then liberally construe a statute that then allows all sorts of cases to be removed from that very state court. How about it's construing it literally or textually? I think that would be fine. It says, any officer of the course of the United States for or relating to any act under color of office or in the performance of his duties. Isn't the question here whether a guardian ad litem in the performance of duties has custody of the children? Yes. That's precisely the issue. And here a guardian ad litem does not. And I think I'm not saying that that couldn't be a circumstance, but that's not the circumstance in this case. The guardian ad litem in this case, the defendant did not have custody of the children. And the fact that someone is appointed guardian ad litem does not automatically render them a guardian for all purposes. And unless the court has other questions. We don't appear to. Thank you. Thank you. Thank you very much for your time. Thank you. Thank you. Very briefly, I have two points. There is a habeas corpus pending for Ms. Hunter on the grounds that she had supremacy clause immunity from the state criminal actions simply because she cannot commit a state crime if she is simply performing her duties as a guardian ad litem. We agree that she, I mean, she did plead out, but she had already been in custody for a year and needed to get out. The habeas isn't before us. That's correct. But that's more to just address one of your issues. I would also draw the court's attention to 25 U.S.C. 3509, which provides for immunity for guardian ad litems appointed and child victim criminal cases. They have immunity from both civil and criminal liability. It would be axiomatic not to extend that same protection and immunities to guardian ad litems appointed for alleged child victims in civil cases. If this court were to define guardian ad litem and find them as having the right to remove it, Ms. Hunter certainly would have many remedies available to her through the habeas corpus petition or otherwise to ensure or attempt to at least get the state conviction set aside. Did she waive immunity when she pleaded no law? No, because I don't believe that because this was a question of a federal defense, the state court was incompetent as a forum to allow her to waive anything. And there's certainly no express waiver that she waived her right to assert supremacy clause immunity as a federal defense. And with that, I'll submit. All right. Thank you both for your argument. This matter will stand submitted.
judges: Kelly, Callahan, Bea